**Martin Calderon GUTIERREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73431.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 20, 2011.

Michael K. Mehr, Esquire, Rachael E. Keast, Esquire, Law Office of Michael K. Mehr, Santa Cruz, CA, for Petitioner.

OIL, Kristina Rencic Sracic, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Martin Calderon Gutierrez, a native and citizen of Mexico, petitions for review of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order denying his motions to reconsider and reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005), and we grant the petition for review.

The BIA abused its discretion in concluding that Gutierrez's untimely motion to reconsider was not subject to equitable tolling of the motions deadline. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (court recognizes tolling of motions deadline during periods where petitioner is prevented from filing because of deception, fraud, or error); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (equitable tolling applies where an alien demonstrates that he was ignorant of the filing deadline due to circumstances beyond his control). The BIA concluded Gutierrez's former counsel's statements that the BIA's prior order was final and that Gutierrez had no basis for appeal were "correct as a matter of law," when in fact Gutierrez could have challenged the basis of his removability based on the issuance of our decision in *Camins v. Gonzales*, 500 F.3d 872 (9th Cir.2007). *See* 8 U.S.C. § 1252(a)(2)(D) (this court has jurisdiction to review questions of law); 8 C.F.R. § 1003.2(b)(1).

In light of our disposition, we do not address Gutierrez's contentions related to the BIA's denial of his motions to reopen and reissue. We remand for the BIA to address Gutierrez's motion to reconsider on the merits, upon which we express no opinion.

* The panel unanimously concludes this case is suitable for decision without oral argument.

**PETITION FOR REVIEW GRANTED; REMANDED.**